IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas insurance company,<br><br>      Plaintiff,<br><br>  v.<br><br>DONNA J. BAKER, a Nebraska resident, and FIVE POINTS BANK, a Nebraska Bank,<br>      Defendants.<br><br>DONNA J. BAKER,<br><br>      Third-Party Plaintiff,<br><br>  v.<br><br>FIVE POINTS BANK INSURANCE AGENCY, and MATTHEW L. GEISER, a Nebraska resident,<br><br>      Third-Party Defendants. | 8:09CV106<br><br>ORDER |

      This matter is before the court on the Motion for Protective Order (Doc. 83) filed by the plaintiff, American General Life Insurance Company ("American General"). The matter has been fully briefed.

**NATURE OF THE CASE**

      The pleadings[1] allege that William C. Baker was the managing member of Copper Creek

---

[1] To provide some context for this discovery dispute, the court has considered the factual allegations of the Complaint (Doc. 1); the Answer and Counterclaim filed by Five Points Bank (Doc. 14); the Answer, Counterclaim, Cross-Claim, and Third-Party Claims (Doc. 15) filed by Donna J. Baker; and the Answer filed

Estates-Grand Island L.L.C. In order to satisfy the requirements of a loan commitment with defendant, Five Points Bank, Mr. Baker purchased a life insurance policy ("Policy") from American General through Five Points Bank Insurance Agency. The Policy was issued on October 5, 2006 in the amount of $1.5 million. Defendant, Donna J. Baker, was named as the primary beneficiary. Five Points Bank is a collateral assignee of $500,000 of the $1.5 million death benefit. Pleadings filed by Donna Baker indicate that the Policy was obtained through Five Points Bank and/or Five Points Bank Insurance Agency with the understanding that the insurance premiums would be paid from loan proceeds.

Mr. Baker died unexpectedly on December 28, 2008. American General refused payment of the death benefit on the ground that the Policy had lapsed for nonpayment of the October 5, 2008 premium. Prior to his death, however, Mr. Baker discovered that this premium had not been paid and took steps to reinstate the Policy by signing an application for reinstatement of the Policy on December 19, 2008. By letter dated January 13, 2009, American General confirmed that the Policy had been reinstated.

American General filed this diversity case, *see* 28 U.S.C. § 1332, on March 23, 2009, seeking a declaration that the Policy lapsed on October 5, 2008, was not in force on December 28, 2008, and that American General does not owe any death benefits to Donna Baker or Five Points Bank. The following day, American General notified Five Points Bank of its decision to deny death benefits. The parties adverse to American General contend that death benefits are owing because the policy was effectively reinstated prior to Mr. Baker's death.

---

by Matthew L. Geiser (Doc. 45). This summary is not intended to express any opinion as to the merits of the parties' claims and defenses.

## ISSUES PRESENTED

Pursuant to Fed. R. Civ. P. 30(b)(6), Five Points Bank served notice (*see* Doc. 91-1 at pp. 3-7/12) that it would depose the corporate representative(s) of American General on March 11, 2010 in Omaha, Nebraska. American General objects to being deposed in Omaha and objects to being deposed on the subjects of

- the documents it produced in this litigation,
- its storage, preservation, and search for documents responsive to Five Points Bank's First Requests for Production,
- the insurance policy that is the subject of this lawsuit, and
- the manuals, policies or procedures maintained by American General in effect in December 2008 referring to, relating to or applicable to processing of or adjustment of life insurance claims.

("Schedule A" to Notice of Rule 30(b)(6) deposition, Items 1, 2, 4 & 10; Doc. 91-1 at p. 6/12).

## LEGAL ANALYSIS

American General insists that it must be deposed in Houston, Texas or another location near its principal place of business. Five Points Bank contends that American General chose to file this lawsuit in the District of Nebraska and is, therefore, subject to deposition in Nebraska.

Actually, the selection of the forum for a plaintiff's deposition is not "rigidly formulaic," and the court has "'great discretion in designating the location of taking a deposition,'" *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 588 (D. Minn. 1999) (quoting *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975)). The court's discretion must be directed toward considering the facts and equities of the particular situation. *Id.*

In general, a party may unilaterally choose the place for deposing an opposing party; however, the court may enter a protective order pursuant to Fed. R. Civ. P. 26(c) designating a different place. *See, e.g., Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381 (M.D.N.C. 1988).

There is another well-recognized general rule–applicable to Rule 30(b)(6) designees–that "a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice in selecting the action's venue." *Archer Daniels Midland*, 187 F.R.D. at 588; *Sun Life Assur. Co. of Canada v. Kumm*, 2010 WL 432253 at *2, Case No. 8:08CV290 (D. Neb. Jan. 29, 2010).[2]

Here, American General is the plaintiff. It does business in Nebraska and issued a $1.5 million life insurance policy to a Nebraska resident through a Nebraska agency. It voluntarily filed this lawsuit in the District of Nebraska one day before it denied death benefits under the Policy. American General deliberately chose the forum of this litigation and has failed to show that transporting the necessary Rule 30(b)(6) designees to Omaha, Nebraska outweighs or even approaches the cost, inconvenience, or burden to be borne by all of the other parties, collectively, and their attorneys, of traveling to Houston, Texas. *See Sun Life Assur. Co. of Canada v. Kumm*, 2010 WL 432253 at *2.

Turning to the scope of inquiry to be had during the deposition of American General through its Rule 30(b)(6) designee(s), the court finds no merit to American General's objections to Five Points Bank's items 1, 2, 4 and 10.

Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery

---

[2]There is authority to the effect that the deposition of a corporation through its agents and officers ordinarily "should occur" at the corporation's principal place of business; however, the court may order a corporate deposition to take place elsewhere if factors of cost, convenience, and litigation efficiency favor a different location. *See* 8A Charles Alan Wright *et al.*, Federal Practice and Procedure Civil § 2112.

of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

In the context of the factual allegations and issues raised in this litigation, the court finds that the disputed topics of inquiry are directed to obtaining information that is relevant to the parties' claims and defenses. Requiring American General to produce this information would not constitute an unreasonable or unfair burden in this instance.

### ORDER

**IT IS ORDERED** that plaintiff's Motion for Protective Order (Doc. 83) is denied in all respects. Plaintiff shall make its Rule30(b)(6) designee(s) available for deposition in Omaha, Nebraska, on all topics listed on Schedule A of Five Points Bank's notice of deposition.

**DATED April 19, 2010.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**