## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas insurance company,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**DONNA J. BAKER, a Nebraska resident, and FIVE POINTS BANK, a Nebraska Bank,** )<br>)<br>)<br>)<br>**Defendants.** )<br>)<br>————————————————— )<br>**DONNA J. BAKER,** )<br>)<br>**Third-Party Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**MATTHEW L. GEISER, a Nebraska resident,** )<br>)<br>**Third-Party Defendant.** )<br>)<br>————————————————— | **8:09CV106**<br><br>**ORDER** |

This matter is before the magistrate judge on the motion (Filing No. 94) of American General Life Insurance Company ("American General") for leave to file a First Amended Complaint.  The court has considered the parties' briefs and evidentiary materials (Filings Nos. 95, 96, 97, 98, 100 and 103) and finds that the motion should be granted.

## BACKGROUND

At issue in this lawsuit is a $1.5 million life insurance policy ("Policy") purchased by William C. Baker from American General through Five Points Bank Insurance Agency[1] to cover an outstanding loan from Five Points Bank to Mr. Baker.  The Policy was issued October 5, 2006. Defendant, Donna J. Baker, was named as the primary beneficiary, and the Bank is a collateral assignee of $500,000 of the $1.5 million death benefit.

The Policy's annual renewal premium was not paid by the October 5, 2008 due date. Mr. Baker discovered that the premium had not been paid and took steps to reinstate the Policy by signing an application for reinstatement of the Policy on December 19, 2008.  The application, however, did not contain all of the necessary information.  Mr. Baker died unexpectedly on December 28, 2008, while the application for reinstatement was pending.

The third-party defendant, Matthew L. Geiser, assisted in completing or processing the application for reinstatement.  During the relevant time period, Mr. Geiser was an employee of Five Points Bank, was authorized to sell life insurance in Nebraska, and was contracted with American General as a registered representative.

On approximately January 8, 2009, American General sent a letter addressed to Mr. Baker advising that it needed additional information and a larger premium payment before

---

[1]By stipulation of the parties, Donna Baker's third-party claims against Five Points Bank Insurance Agency were dismissed without prejudice.  (*See* Filing No. 66).

-2-

it could process the application for reinstatement.  The necessary information was received from Mr. Geiser the following day.

American General's January 13, 2009, letter addressed to Mr. Baker advised that the Policy had been reinstated.  American General was not informed of Mr. Baker's death until a claim was made on the Policy on or after January 27, 2009.

American General denied the claim for death benefits, asserting that the Policy lapsed on October 5, 2008, was not in force when Mr. Baker died on December 28, 2008, and American General does not owe any death benefits to Donna Baker or the Bank.  The parties adverse to American General contend that death benefits are owing because the policy was effectively reinstated prior to Mr. Baker's death.

Based on information provided in the parties' Rule 26(f) Planning Report (Filing No. 47), the court entered an initial progression order on September 2, 2009 providing, *inter alia*, that "[a]ny motion to amend pleadings and/or add parties shall be filed not later than October 30, 2009."  (Filing No. 49 at p. 3/3 ¶ 7).

The court held telephonic status conferences with counsel on December 11, 2009 and March 4, 2010.  All parties have made substantial progress in completing discovery, but a final case progression order has not been entered and the case has not yet been set for trial.

American General filed the instant motion on April 1, 2010, seeking leave to file an amended complaint supplementing its factual allegations, naming Matthew Geiser as a defendant, and asserting additional causes of action against both Geiser and the Bank for

-3-

negligence, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, breach of fiduciary duty, indemnification, *respondeat superior*, breach of the duty of good faith and fair dealing, and conspiracy to commit fraud.

Mr. Geiser and the Bank oppose the motion on grounds of timeliness. *See* Fed. R. Civ. P. 16(b). They further contend that some or all of the proposed amendments would be futile.

## DISCUSSION

### A.   Timeliness

If a party moves for leave to amend a pleading after the deadline specified in the court's scheduling order has passed, the party must show cause to modify the schedule before the court may grant leave to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). This rule reflects the plain language of Fed. R. Civ. P. 16(b)(3), which requires the district courts to issue a scheduling order limiting the time to amend the pleadings. The rule specifically provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" Sherman, 532 F.3d at 717 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

The record shows that a substantial amount of discovery was conducted between October 30, 2009 (the original date set for filing motions to amend pleadings) and April 1, 2010 (the date this motion was filed). Under Fed. R. Civ. P. 9(b), American General "must

-4-

state with particularity" the circumstances constituting fraud or mistake.  In this regard, much of the information proving the basis for the proposed amendments was not obtained until the depositions of Matthew Geiser and William Marshall, the president of Five Points Bank, were completed on January 29 and February 1, 2010, respectively.

Under the circumstances, the court finds that American General has acted diligently and has shown good cause for an extension of the deadline for filing motions for leave to amend the pleadings.

**B.    Rule 15(a) Standards**

Under Fed. R. Civ. P. 15(a)(2), the court should "freely give leave" to amend a pleading "when justice so requires"; however, parties do not have an absolute right to amend their pleadings.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d at 715.  "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'"  *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).  "In most cases, '[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown.'"  *Moses.com*, 406 F.3d at 1065 (quoting *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)).

It is hardly unusual for parties in civil litigation to request leave to amend the pleadings after conducting discovery.  In this case, all the parties have conducted discovery

-5-

with diligence.  The record does not suggest that any party has acted in bad faith or with a dilatory motive.

Turning to the argument that the proposed amendments are futile, I note that "a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses. *Gamma-10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994), *cert. denied*, 513 U.S. 1198 (1995).  Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous.  *See id.* at 1256." *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999).  "Ordinarily, the decision of whether to allow a plaintiff leave to amend a complaint is within the district court's discretion, however, when the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Trust v. Possis Medical, Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008).

Most of the arguments presented by Mr. Geiser and the Bank focus on the factual basis for the claims and evidentiary submissions, and conclude that American General is not likely to prevail on the merits.  The proposed claims based on negligence, fraud, indemnity and *respondeat superior*, however, are not "clearly frivolous."

Paragraph 63 of the proposed Amended Complaint, which relates to the doctrine of *respondeat superior*, alleges that the Bank "is responsible for the tortious acts of Geiser, who

-6-

was acting within the scope of his employment in committing the unlawful actions described above." The allegation that Geiser was acting within the scope of his employment may be inconsistent with American General's proposed claim for civil conspiracy. Under Nebraska law, "[t]o pursue a claim of civil conspiracy where ... the allegations involve a conspiracy between the corporation and its corporate employees, the petition must allege that the latter are acting outside the scope of their authority or other than in the normal course of their corporate duties." *Eicher v. Mid Am. Fin. Inv. Corp.*, 275 Neb. 462, 479-79, 748 N.W.2d 1, 15 (2008). The plaintiff must allege that the employee "acted outside any *legitimate* scope of corporate employment." *See Eicher*, 275 Neb. at 480, 748 N.W.2d at 16 (emphasis added). The mere fact that Geiser was employed by the Bank is not dispositive of the conspiracy claim.

While it is possible that American General might eventually be required to elect between the alternative theories of civil conspiracy and *respondeat superior*, a final election of remedies need not be made at the pleading stage. *See Genetti v. Caterpillar, Inc.*, 261 Neb. 98, 122, 621 N.W.2d 529, 548 (2001) (an election must be made between remedies for breach of warranty and the remedy of revocation of acceptance, but both theories may be presented to the jury).

The court finds that American General's proposed amendments are neither frivolous nor futile. The sufficiency of the claims would be better addressed by a Rule 12 motion after the Amended Complaint is served.

## ORDER

**IT IS ORDERED** that American General's Motion  for leave to file a First Amended Complaint (Filing No. 94) is granted.  American General shall file and serve the First Amended Complaint on or before **June 15, 2010**.  Adverse parties shall respond to the First Amended Complaint within the time allowed by Fed. R. Civ. P. 15(a).

**DATED May 21, 2010.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**